# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** | * | Case No. 16-19745-DER |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVASTAR MORTGAGE LLC**, | * | Case No. 16-19747-DER |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVASTAR MORTGAGE FUNDING CORPORATION**, | * | Case No. 16-19748-DER |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **2114 CENTRAL, LLC**, | * | Case No. 16-19749-DER |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION FOR ENTRY OF AN ORDER APPROVING
<u>JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES</u>**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] seek entry of an order, substantially in the form attached hereto, approving joint administration of their related chapter 11 cases. In support of this motion, the Debtors respectfully state as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

3. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no committees have been appointed or designated.

4. A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the Declaration of Rodney Schwatken, Chief Executive Officer of Novation Companies, Inc., *et al.* in Support of the First Day Motions (the "First Day

---

[1] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

Declaration"), which was filed contemporaneously with this motion and is incorporated herein by reference.[2]

### Relief Requested

5. By this motion, the Debtors seek entry of an order approving joint administration of these chapter 11 cases for procedural purposes only. Specifically, the Debtors request that the clerk of the court (the "Clerk") maintain one file and one docket for all of the jointly administered cases under the Novation Companies, Inc. ("NCI") case and that the Court administer these cases under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)**

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| **NOVATION COMPANIES, INC.,** *et al.*[3], | * | Case Nos. 16-19745, 19747-19749-DER |
| | * | (Jointly Administered) |
| Debtors. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

6. The Debtors also request that the Clerk make an entry on the docket of each of the Debtors' cases, other than the NCI case, substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of Novation Companies, Inc., Novastar Mortgage LLC, Novastar Mortgage Funding Corporation and 2114 Central, LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in Case No. 16-19745.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3] The Debtors in these chapter 11 cases are: (i) Novation Companies, Inc. f/k/a NovaStar Financial, Inc., (ii) NovaStar Mortgage LLC f/k/a NovaStar Mortgage, Inc., (iii) NovaStar Mortgage Funding Corporation and (iv) 2114 Central, LLC f/k/a Advent Financial Services, LLC.

7.    The Debtors also request a waiver of the requirement imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the jointly-administered caption in these chapter 11 cases list (i) the Debtors' tax identification numbers, and (ii) other names previously used by the Debtors.

8.    By separate Motion, the Debtors are also requesting that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

### Basis for Relief

9.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." As set forth in the First Day Declaration, the Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10.    Section 105(a) of the Bankruptcy Code also provides the Court with the power to grant the relief requested herein by the Debtors. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

11.    Joint administration is generally non-controversial, and courts in this and other districts routinely order joint administration of related cases. *See*, *e.g.*, *TMST, Inc. et al*. Case No. 09-17787 (NVA) (Bankr. D. Md. May 1, 2009); *In re TVI Corporation*, Case No. 09-15677 (TJC) (Bankr. D. Md. April 7, 2009); *In re Mattress Discounters Corp., et al.*, Case No. 08-21642 (TJC) (Bankr. D. Md. Sept. 15, 2008); *In re Luminent Mortgage Capital*, Case No. 08-

21389 (DWK) (Bankr. D. Md. Sept. 8, 2008); *In re Caruso Homes, Inc., et al.*, Case No. 08-18254 (JFS) (Bankr. D. Md. June 26, 2008); *In re Boyd's Collection Ltd., et al.*, Case No. 05-43793 (DWK) (Bankr. D. Md. Oct. 19, 2005). *See also In re GlycoGenesys, Inc.*, 352 B.R. 568 (Bankr. D. Mass. 2006); *In re PL Liquidation Corp.*, 305 B.R. 629, 633 (Bankr. D. Del. 2004); In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982); *In re TWTR, Inc., et al.*, Case No. 07-10787 (PJW) (Bankr. D. Del. June 13, 2007); *In re Movie Gallery, Inc., et al.*, Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); *In re Refco Inc., et al.*, Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. June 9, 2006).

12. Given the integrated nature of the Debtors' reorganizations, joint administration of the chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in the chapter 11 cases will affect each Debtor. The entry of an order approving joint administration will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Maryland and all parties in interest to monitor the chapter 11 cases with greater ease and efficiency.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because the motion requests only administrative, not substantive, consolidation of the estates. Thus parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of the chapter 11 cases. Accordingly, the Debtors submit that the joint administration of the chapter 11 cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

**Notice**

14. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. Notice of this motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee, (ii) the indenture trustee for each of the Debtors' outstanding bond issues, and (iii) all other parties identified on the Consolidated List of 20 Largest Unsecured Creditors filed herein by the Debtors. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**Statement Pursuant to Local Bankruptcy Rule 9013-2**

15. Pursuant to Rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, they will rely solely upon the grounds and authorities set forth herein.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: July 20, 2016

/s/ *Joel I. Sher*
Joel I. Sher, Bar No. 00719
Daniel J. Zeller, Bar No. 28107
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201
Tel: 410-385-4277
Fax: 410-539-7611
Email: jis@shapirosher.com
        djz@shapirosher.com

*Co-Counsel for Debtors and Debtors in Possession*

-and-

/s/ *Adam H. Friedman*
Adam H. Friedman, *pro hac vic* pending
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019
Tel: 212-451-2216
Fax: 212-451-2222
Email: Afriedman@olshanlaw.com

*Co-Counsel for Debtors and Debtors in Possession*